Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 861-1390
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
GINA JACKSON

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| GINA JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> NORTHSTAR LOCATION SERVICES, LLC, <br><br> Defendant. | Case No.: CV11-01923 JC <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL <br><br> (Unlawful Debt Collection Practices) |

## VERIFIED COMPLAINT

GINA JACKSON (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against NORTHSTAR LOCATION SERVICES, LLC, (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

//
//

- 1 -

PLAINTIFF'S VERIFIED COMPLAINT

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant does business is in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Carson, Los Angeles County, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a company with its headquarters in Cheektowaga, New York.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//
//

PLAINTIFF'S VERIFIED COMPLAINT

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt for a Chase credit card.

12. Defendant placed collection calls from telephone numbers 866-677-2587 to Plaintiff's telephone number 213-740-8757.

13. Defendant placed collection calls to Plaintiff's place of employment despite Plaintiff informing Defendant that Plaintiff is unable to accept such calls at her workplace.

14. Defendant refused to stop calling Plaintiff at work and stated to Plaintiff, "you have a job, you can make payments."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

16. Defendant violated §1692c(a)(3) of the FDCPA by contacting Plaintiff at place of employment when knows that the employer prohibits such communications.

17. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

18. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

WHEREFORE, Plaintiff, GINA JACKSON requests that judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

19. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

21. Any other relief that this Honorable Court deems appropriate.

## COUNT II

## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

22. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

23. Defendant violated the RFDCPA based on the following:

   a. Defendant violated *§1788.11(d)* of the RFDCPA by placing collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

   b. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances.

   c. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

24. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

25. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(c)*, and

26. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GINA JACKSON, demands a jury trial in this case.

DATED: February 2, 2011

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.

By: _____
Ryan Lee
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, GINA JACKSON, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, GINA JACKSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 1-7-11

*(signature)*
GINA JACKSON

- 6 -

PLAINTIFF'S VERIFIED COMPLAINT

Jan 07 11 02:53p    adminGina    2137401773    p.6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| GINA JACKSON | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV11-01923 JC |
| v. | |
| NORTHSTAR LOCATION SERVICES, LLC | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): NORTHSTAR LOCATION SERVICES, LLC

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Ryan Lee, Esq._____, whose address is _Krohn & Moss, Ltd.; 10474 Santa Monica Blvd., Suite 401; Los Angeles, CA 90025_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAR -7 2011__      By: _____
                                 Deputy Clerk

                                 (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*